## H. S. TREGLOAN *vs.* H. F. BERTELMAN.

### APPEAL FROM FINDINGS OF PRESTON, J.

### APRIL TERM, 1886.

### JUDD, C. J.; McCULLY AND PRESTON, JJ.

A lease was dated and acknowledged on 26th August, and expressed no other time for beginning of rent; lessees and their assigns paid the rent at various times from the 1st to the 10th of each month, and the testimony was that this was done for convenience; held there was not evidence sufficient to support a waiver by the lessor of his right to collect rent on the 26th day of the month.

The evidence fails to show that plaintiff distrained the goods of a sub-tenant, thus releasing defendant from his covenant to pay rent: or that by any acts of defendant or his assigns the term was surrendered.

Judgment affirmed.

### OPINION OF THE COURT, BY McCULLY, J.

IN appealing this cause, the parties, by their counsel, make the following stipulation:

"The points of law involved herein and which are hereby submitted to the Court in banco, are

(a) Does the record show that said plaintiff, subsequent to the execution of the lease on which this action is based, and prior to December 1, 1885, by valid contract with defendant or his privies, waived his right to collect rent under said lease upon the 26th day of the month? and if so, what day of the month was substituted therefor?

(b) Does the record show that any distress was levied by plaintiff on the premises, sufficient in law to release the defendant from his covenants in said lease contained?

(c) Does the record herein show that Mr. Justice Preston, in giving said judgment, erred, in that he found that there had been no surrender of said lease by defendant's privies, to plaintiff, prior to the institution of this action? or that said Justice erred

in rendering judgment for the plaintiff herein ? or that the amount for which such judgment was rendered should have been different ? and if so, for what amount should it have been and for what amount shall final judgment stand ?

It is further agreed that for the purpose of this appeal, the record herein shall be considered to consist of the several exhibits, the minutes of evidence taken by said Justice and the clerk respectively, at the trial before said Justice, and the written opinion or decision of said Justice on file therein."

As the decision of Mr. Justice Preston, sitting as Intermediary Judge, is to be considered and as it states the case, we quote it:

### OPINION OF PRESTON, J., BELOW.

Action of covenant for $200, being two months' rent reserved by lease of Saratoga House from the plaintiff to the defendant.

The lease was assigned by defendant to Steiner, by Steiner to Graham, and by Graham to Krouse, who became bankrupt, T. R. Lucas being appointed assignee.

The defendant insisted that the term had been surrendered by Lucas to the plaintiff by operation of law, and that the plaintiff had discharged him by accepting Krouse as his tenant, and cited *Dodd vs. Acklorn*, 6 M & G., 672 ; *Thomas vs. Cook*, 2 B. & Ald., 119 ; *Amory vs. Kannaffski*, 19 Am. Reps., 419.

He also contended that, although by the lease the rent would commence from 26th of the month, yet the plaintiff had waived five days' rent and had agreed to take rent from the first of the following month.

In considering the testimony, I am of opinion that such agreement or waiver is not proven. And I also find that the plaintiff did not release the defendant from his covenant by collecting his rent from Krouse or the other tenants or otherwise.

The other question as to whether the lease was surrendered by operation of law is more important. The phrase " by operation of law " is not, as I conceive, appropriate ; it is mentioned in the English Statute of Frauds as one way in which a lease may be surrendered, but this Section is not adopted by our statute ; I think the more correct expression would be, surrendered in fact.

75

The cases cited on behalf of the defendant, do not, in my opinion, sustain the defendant's contention, but on the contrary, if properly considered, tend to negative it.

From the whole testimony, I am of opinion, and so find, that although the plaintiff might have agreed to take the lease and premises back from the assignee, yet that he altered his mind before the agreement was perfected by a legal surrender by deed as promised, and as he never took possession of the property, but returned the key to Lucas, the term was not surrendered, and the defendant is liable.

He will have his remedy against his assignee, Steiner, on his express covenant.

Judgment for plaintiff for $200 and costs. The action being covenant, there will be no attorney's fee.

### BY THE FULL COURT.

Regarding the point of waiver of right to collect rent on the 26th day of the month and the substitution of another day therefor, the testimony is:

Of Mr. Tregloan: " I was paid between the 1st and 10th of the month as a convenience ; I was not paid on the 26th day of the month after the first instalment. Rent was due on the 26th of every month, but parties having lease asked to pay from the 1st to the 10th as a convenience."

The Police Court record shows that suit was commenced on the 27th of February, one day after the second month's rent was due.

Jacob Steiner testifies that he had a lease of the premises for some time. Paid rent to Tregloan, always from the 1st of the month in advance, not always paying on the first day, sometimes a few days later.

Bertelman, defendant, testifies: The first rent I paid was on the 1st or 2nd of September, for the month of September, in advance. (His receipt was burnt with his shop.) The lease was made on the 26th, Tregloan wanted a few days to move out, and my rent was to commence from the 1st. This was an arrangement.

Regarding the receipt, Mr. Bertleman testifies: I cannot tell the exact words of the receipt. It meant to convey impression that it was for one month's rent from 1st September. I think the re-

ceipt read one month's rent from date, and my agreement, previous to signing lease, was to take possession of the place from the 1st.

The lease in question is dated on the 26th of August, executed and acknowledged on that day, and expresses no other time for beginning to rent. It must, therefore, be held to be a lease from the 26th. The testimony above cited does not support a waiver of the written term. Tregloan contradicts Bertelman, whose evidence of the tenor of the first receipt must be considered vague. The rent may have been paid for convenience on the 1st, but it is also in testimony that it was paid for convenience from the 1st to the 10th.

As to the second reserved point, whether the record of testimony shows the plaintiff had distrained the goods of a sub-tenant and thereby released defendant from his covenants in the lease. The testimony shows that Tregloan, just before an auction sale of effects of tenant, demanded payment of rent due him, and was paid by the auctioneer out of proceeds. The testimony further is that Bertelman had left Tregloan to get his rent out of a succession of sub-tenants, if he could. But the demand made as above cannot be considered a distraint. The Act of 1864, found at page 277 of Compiled Laws, provides for making a distraint—goods distrained must be removed from the premises, and after fifteen days public advertisement may be sold—no such steps were taken by the plaintiff. He must be considered as merely having made a demand, acting as the defendant's agent.

Respecting the third point of the surrender of the lease and the acceptance thereof, Mr. Justice Preston's recital of the facts is sufficient and supports his conclusion.

The remaining agreed points seem to be determined by our finding on the first point submitted. The judgment must be for $200.

*Ashford & Ashford*, for plaintiff.
*S. B. Dole*, for defendant.
Honolulu, May 31, 1886.